DISTRICT TOWNSHIP OF UNION, Appellee, v. J. B. MEYERS, Appellant.

Schools: DIRECTORS: SUBDIRECTORS: AUTHORITY: INJUNCTION. A subdirector in a school district has no authority to refuse to use or to allow to be placed in his school an article ordered therefor by the board of directors, upon the ground that the same was purchased contrary to law, or because the same is worthless and a needless expense; and a subdirector so resisting the authority of the board may be restrained from so doing by injunction.

*Appeal from Hardin District Court.*—HON. JOHN L. STEVENS, Judge.

MONDAY, OCTOBER 26, 1891.

*H. L. Huff,* for appellant.

*C. E. Albrook,* for appellee.

GIVEN, J.—I. This case is before us on certificate of the trial judge, that it involves questions of law upon which it is desirable to have the opinion of this court. The questions certified arose upon demurrer to the fifth paragraph of the defendant's answer. The plaintiff, as cause of action, alleges that its board of directors purchased ten sets of Kennedy's mathematical blocks, to be used in the schools of the district; that one set was set apart for use in subdistrict number 1, of which the defendant is subdirector; that the defendant refuses to

allow said blocks to be placed in the school or school-house of said subdistrict, "and threatens with violence anyone who shall attempt to place the same in said school." The plaintiff asks that the defendant be enjoined from interfering with the officers of the plaintiff in placing said blocks in the school, and with the teacher in using the same. The fifth paragraph of the answer alleges that there was no authority given by the electors at any annual meeting to purchase said blocks on credit; that no tax as a contingent fund was voted by the electors preceding said purchase to pay for the same; that there was not at the time of the purchase any unappropriated contingent fund in the treasury sufficient with which to purchase maps, charts, apparatus or the said blocks for the use of the schools; that the purchase was on a credit, making a balance payable June 1, 1890; wherefore, said purchase was without authority of law and void. The defendant also alleges that the blocks are worthless in the schools, a needless expense, and not used by the teacher in said subdistrict number 1; and says that he had good reasons and lawful authority for not putting the blocks in the school.

The questions certified are whether, under the facts as alleged, the defendant, as subdirector of subdistrict number 1, was under legal obligation to place, or allow to be placed, the blocks furnished for that purpose in the school of his subdistrict, and, if so, whether injunction will lie to restrain him from interfering with the officers of the plaintiff district in placing the blocks in said school. The reasons alleged why the appellant is not under such obligation is that the contract of purchase was without authority of law, and that the blocks are worthless in the school. Conceding that the purchase was without authority of law, and the blocks worthless, the inquiry remains whether,

for those reasons, the plaintiff may refuse to allow the
blocks to be placed and used in the school.  Among
the powers conferred by chapter 9, title 12, of the
Code, upon the board of directors of district townships
is the authority to make all contracts, purchases and
payments necessary to carry out any vote of the dis-
trict; to select sites for schoolhouses, and to determine
the number of schools to be taught in each subdistrict,
and the time beyond that required by law; to divide
districts, and authorize graded or union schools; to
order changes in the books used; to visit the schools,
and aid the teacher in establishing and enforcing rules;
to discharge teachers, dismiss pupils and "make such
rules and regulations as may be necessary for the direc-
tion and restriction of subdirectors in the discharge of
their official duties, and not inconsistent with law."   It
is manifestly the purpose of chapter 9, title 12, to put
the entire control of the schools of district townships
into the hands of the board of directors of such town-
ships, subject only to the provisions of law.   By refer-
ence to sections 1753 and 1756 of the Code, it will be
seen that subdirectors, in the exercise of the powers
conferred upon them, act in subordination to the board
of directors or its president.   It is under such rules
and restrictions as the board of directors may pre-
scribe that the subdirector may make contracts for
fuel, teachers, repairing and furnishing and other pro-
visions necessary for the convenience and prosperity of
the schools within his subdistrict, and have the control
and management of the schoolhouse, unless otherwise
ordered by a vote of the district township meeting.
District township boards have undoubted control as to
what records, dictionaries, maps, charts and apparatus
shall be used in the schools of their district.   Code,
sec. 1729.   A teacher would not be heard to say that
any such articles furnished by the board should not be
placed nor used in the school, because not purchased

by authority of law. A subdirector, excepting when acting as a member of the board, has no authority to determine what of such articles shall or shall not be used in the school of his subdistrict. The legality of the purchase cannot be questioned in this way; nor is it for the subdirector, acting independently of the board, to determine whether the article is worthless, and a needless expense or not, as it is peculiarly the province of the board to pass upon that subject.

We are of the opinion that the defendant did not have the right, for either of the reasons alleged, to refuse to place the blocks in the school, or to resist the plaintiff's officers in so placing them and requiring them to be used, and that injunction will lie to restrain the appellant from such resistance. The demurrer to the fifth paragraph of the defendant's answer was properly sustained. The judgment of the district court is, therefore, AFFIRMED.